THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| RICKY R. CHRISTENSEN AND JULIE ANN CHRISTENSEN, | ) | Case No. 2:11CV00205 DS |
| Plaintiffs, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| D LAND TITLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## I. INTRODUCTION

On December 26, 2007, Plaintiffs executed a Promissory Note in favor of Far West Bank in the principal amount of $417,000.00 to acquire and/or refinance property located in Sanpete County, Utah. That same date Plaintiffs also executed a Deed of Trust securing the Note. The Deed of Trust identified Far West Bank as Lender, D Land Title as Trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as Beneficiary and as nominee for Lender and Lender's successors and assigns.

Countrywide Home Loans Servicing, L.P. ("Countrywide") began servicing the loan in March of 2008. BAC Home Loans Servicing L.P. ("BAC") formerly know as Countrywide , now services the loan.

Plaintiffs commenced the present action in Utah's Sixth Judicial Court purporting to assert a claim for quite title. The

Case was removed to this Court. BAC and Federal National Mortgage Association ("Fannie Mae") have intervened in the case and have been made party defendants.

Asserting that the Complaint fails to state a claim upon which relief can be granted, Defendants, pursuant to Fed. R. Civ. P. 12(b)(6), have filed a Motion to Dismiss (Doc.# 13) seeking dismissal of the Complaint.[1] For the reasons that follow, Defendants are entitled to the relief they request.

## II. STANDARD OF REVIEW

In reviewing the Complaint the Court accepts as true all well pleaded allegations of the complaint and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to

---

[1] The Court concludes that the Note presented by Defendants for the court's consideration is not a matter outside the pleadings such that the motion should be converted to one for summary judgment. *See GFF Corp. v. Associated Wholesale Grocers*, 130 F.3d 1381, 1384-85 (10th Cir. 1997)(where documents are central to the claims in a complaint, authentic copies of those documents may be submitted to the court for consideration on a motion to dismiss).

2

frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

### III. DISCUSSION

**A. Quiet Title**

A party seeking to quiet title "must allege title, entitlement to possession, and that the estate or interest claimed by others is adverse or hostile to the alleged claims of title or interest." *Utah State Dept. of Social Services v. Santiago*, 590 P.2d 335, 337-338(Utah 1979). The "plaintiff must prevail on the strength of his own claim to title and not on the weakness of a defendant's title or even its total lack of title." *Church v. Meadow Springs Ranch Corp., Inc.,* 659 P.2d 1045, 1048-49 (Utah 1983). To prevail, Plaintiffs must allege, and ultimately prove, that their interest is superior to that granted by the Trust Deed. The Complaint, however, contains insufficient allegations to support this claim. Plaintiffs fail to assert their own claim to title. Plaintiffs do not allege that they hold clear title to the subject property, or even that they are not in default under the Note. They admit

3

executing the Deed of Trust and to conveying their interest in the property for the purpose of securing their loan. Compl. ¶ 2.

Additionally, Plaintiffs base their quite title claim on the so called "split the note" theory.[2] By statute, "[t]he transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor." Utah Code Ann. § 57-1-35. Courts in this jurisdiction have repeatedly held that the mortgage follows the note and rejected the "split the note" theory. *See, e.g., Witt v. CIT Group/Consumer Fin. Inc.*, No. 2:10cv440-TS, 2010 WL 4609368, at *4 (D. Utah Nov. 5, 2010)(rejecting "split the note" argument as "squarely at odds with the firmly established presumption that a transfer of the note carries with it the deed of trust, without any formal assignment"); *King v. American Mortg. Network, Inc.*, No. 1:09cv00162-DAK, 2010 WL 3516475, at *3 (D. Utah Sept. 2, 2010)("Plainiff's claims that [] the Note and Trust Deed have been split ... are simply not plausible claims for relief and must be dismissed"); *Rodeback v. Utah Financial*, No. 1:09cv00134-TC, 2010 WL 2757243, at *3 (D. Utah July 13, 2010)("each successor to the

---

[2]Plaintiffs allege the following.
5. Plaintiffs executed the Far West deed of trust for the purpose of securing the Far West promissory note.
6. The promissory note was assigned to an unknown third party.
7. Because the relevant note was assigned to entities other than MERS, which holds the Far West trust deed, a split of the note and trust deed has occurred and therefore the latter is a nullity.
Compl. at ¶¶ 5-7

4

note receives the benefit of the security"); *Marty v. Mortgage Electronic Registration Systems*, No. 1:10cv00033-CW, 2010 WL 4117196, at *6 (D. Utah Oct. 19, 2010)("[n]othing in law or logic supports [plaintiff's argument] that [a lender's] delegation [of nominee authority to MERS] would constitute a separation of the rights under the trust deed from the ownership of the note").

The Court, therefore, agrees with Defendants that Plaintiffs' quiet title claim is legally unsupportable and that they are entitled to the relief requested.

### III.  CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss (Doc. #13) is granted and Plaintiff's Complaint is dismissed with prejudice.

IT IS SO ORDERED.

DATED this 7th day of June, 2011.

BY THE COURT:

DAVID SAM
SENIOR JUDGE
UNITED STATES DISTRICT COURT